IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WALLACE REYER**                                                                                **PETITIONER**

**VERSUS**                                                                          **NO. 1:07cv657-LG-JMR**

**RONALD KING**                                                                             **RESPONDENTS**

### REPORT AND RECOMMENDATION

This matter comes before the Court on the Respondents' Motion [14-1] to Dismiss for Failure to Exhaust. Petitioner has filed a Motion [15-1] to Counter. Having considered the Respondent's Motion [14-1], the Petitioner's Motion [15-1], along with the entire record and the applicable law, this Court finds that Respondents' Motion [14-1] to Dismiss for Failure to Exhaust is well taken and should be granted. The Court further finds that Petitioner's Motion [15-1] to Counter should be denied.

### STATEMENT OF THE CASE

On August 16, 2002, Petitioner Wallace Reyer ("Reyer"), pled guilty to receiving stolen property (Cause No. K2002-297E) and uttering a forgery (Cause No. K2002-306E) in the Circuit Court of Pearl River County, Mississippi. *See* Order, attached as Exhibits A and B to Respondent's Motion [14-1] to Dismiss. Reyer was sentenced to serve five (5) years in the custody of the Mississippi Department of Corrections, on each count, with said sentences to run concurrently with four (4) years and four (4) months of the total five year sentence suspended. *Id.* On October 24, 2006, Reyer's probation was revoked and he was ordered to serve the remaining portion of his five (5) year sentence which was four (4) years and four (4) months. *See* Order of Revocation, attached as Exhibit C to Respondent's Motion [14-1] to Dismiss.

In the instant Petition [1-1], Reyer maintains that his five (5) year sentence has expired and

that his Mississippi Department Of Corrections time-sheet, which shows a maximum discharge date of September 22, 2009, is inaccurate. *See* Inmate Time Sheet, attached as Exhibit D to Respondent's Motion [14-1] to Dismiss.  Reyer raised this allegation through the Mississippi Department Of Correction's Administrative Remedy Program ("ARP"), by filing a complaint in the ARP office of the South Mississippi Correctional Institution ("SMCI").  *See* First Step Response Form, Second Step Response Form, and Third Step Response Form, attached as Exhibits E,F, and G to Respondent's Motion [14-1] to Dismiss.

On August 9, 2007 Reyer completed the three step ARP process, and had thirty (30) days to seek judicial review of the ARP decision.  *See* Certificate, attached as Exhibit H to Respondent's Motion [14-1] to Dismiss.  In an attempt to determine whether Reyer has attempted to appeal this decision, the Respondent maintains that he contacted the Circuit Courts of both Greene County, Mississippi, the county in which the SMCI is located, as well as Pearl River County, Mississippi, the county of in which Reyer was convicted.  Respondent states that, neither of the circuit court clerks in those counties possessed a record of any such appeal.  Furthermore, the Respondent points out that the electronic docket of the Mississippi Supreme Court reflects that Reyer has failed to file any appeal in that court. *See* Respondent's Motion [14-1] to Dismiss p. 3.

## STANDARD OF REVIEW

Reyer's current Petition for Writ of Habeas Corpus was filed pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, which provides in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or

> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Appellants seeking federal habeas relief under §2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy the exhaustion requirement, a federal habeas applicant must generally present his claims to the state's highest court in a procedurally proper manner, and provide the high state court with a fair opportunity to pass on the claims. *Nobles v. Johnson*, 127, F.3d 409, 420 (5th Cir. 1997); *Carter v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982). Only after the Mississippi Supreme Court has been provided with a fair opportunity to review a petitioner's claims in a procedurally proper manner can he be said to have satisfied the exhaustion requirement. The exhaustion requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *see also Nobles v. Johnson* 127 F.3d 409, 420 (5th Cir. 1997). Such a failure to exhaust clearly warrants dismissal of the federal petition pursuant to 28 U.S.C. §2254(b)(1) and (c).

## **ANALYSIS**

Respondent submits that, if this Court finds that Reyer does not have an available remedy through which to exhaust his claim in state court, Reyer has procedurally defaulted his claim for his failure to appeal the ARP decision in a timely manner. This failure denied the state's highest court

a fair opportunity to pass on his claim, *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995), and, as a result, the instant petition challenging the calculation of Reyer's time should be dismissed with prejudice. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999)(citing *Coleman v. Thompson,* 501 U.S. 722, 731-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). ("When 'it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review.'"  *Sones, supra*, quoting *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993)).

The Court finds that Reyer still has an available remedy under Mississippi's Post-Conviction Collateral Relief Act. Miss. Code Ann. §99-39-1,  *et seq*.  Pursuant to Miss. Code Ann. §99-39-5(1)(g), a claim that one's sentence has expired is ground for relief under the Mississippi Post-Conviction Collateral Relief Act. As previously stated, the Respondent contacted the Circuit Court Clerk's office of Pearl River County, Mississippi, and was informed that Reyer had not yet filed for Post-Conviction Collateral Relief in that court.  Under Mississippi law, Reyer has three (3) years within which to file such a pleading. Miss. Code Ann.§99-39-5(2).

The Court strongly cautions Reyer that the one year limitations period imposed by 28 U.S.C. § 2244(d)(2) began to run against him when his conviction became final and will continue to run until such time as he properly files a petition for post conviction relief in state court.  Reyer should proceed diligently in filing his post conviction motion in state court in order to toll the habeas limitations period before it expires.  Reyer should also be aware that a properly filed post conviction motion will only toll the habeas limitations period while the motion is pending in state court.  Once a final decision is rendered by the state court, the habeas limitations period will begin to run again.

The Court notes that it has the authority to hold a habeas petition in abeyance while a petitioner exhausts his claims in state court.  *See*, *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528

(2005). However, the Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." *Id*. at 1533-1535. Respondent submits, and the Court agrees, that such "limited circumstances" do not exist in the instant case as Reyer fails to show "good cause" for his failure to exhaust his claim in state court. Moreover, as noted, Reyer has ample to time to return to state court, exhaust his claim, and file a habeas petition before the limitations period for the instant claim expires. Therefore, the Court finds that a stay and abeyance is inappropriate in the instant case. Accordingly, the Court finds that Respondent's Motion [14-1] to Dismiss for failure to Exhaust should be granted.

The Court will now address Petitioner's Motion [15-1] to Counter. In essence, Petitioner's Motion [15-1] is a response in opposition to Respondent's Motion [14-1] to Dismiss. However, in the Motion, Petitioner does not address his failure to exhaust his claims properly in state court until the end of his (7) page motion. Instead, Petitioner argues about time computation and the discovery of new evidence regarding the length of his sentence. Petitioner's arguments regarding these issues are immaterial as to whether or not he has properly exhausted his claims in state court. In addressing his failure to exhaust, Petitioner avers that the ARP is ineffective to protect his rights and that he did not have sufficient time in which to file an appeal. *See* Petitioner's Motion [15-1] to Counter p. 6. The Court is not persuaded by his argument and finds that Petitioner's Motion [15-1] is not well taken and should be denied.

## **CONCLUSION**

Based on the foregoing analysis, the Court finds that Respondents' Motion [14-1] to Dismiss for Failure to Exhaust is well taken and should be granted. The Court further finds that Petitioner's Motion [15-1] to Counter should be denied.

In accordance with the rules, any party within ten days after being served a copy of this

recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal, unobjected to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the  25th  day of January, 2008.

_____s/ John M. Roper, Sr._____
CHIEF UNITED STATES MAGISTRATE JUDGE